IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAYVONE C. WILMER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CENTURION, et al., ) <br> ) <br> Defendants. ) | C.A. No. 23-889 (MN) |

**MEMORANDUM OPINION**

Jayvone C. Wilmer, Howard R. Young Correctional Institution, Wilmington, Delaware – Pro Se Plaintiff.

April 29, 2024
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

Plaintiff Jayvone C. Wilmer, an inmate confined at Howard R. Young Correctional Institution ("HYRCI") in Wilmington, Delaware, filed this *pro se* action pursuant to 42 U.S.C. § 1983. (D.I. 3). Plaintiff proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 8). The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

I.  **BACKGROUND**

Plaintiff alleges the following. In the early afternoon of January 24, 2023, he injured his right foot playing basketball. Rather than calling a "Code 4" for a medical emergency, Defendant Officer Boteng advised Plaintiff to fill out a "sick-call" sheet for medical attention and ordered Plaintiff's cellmate to fill a bucket with ice and water so that Plaintiff could put his foot into it. Plaintiff waited until the 4:00 p.m. shift started and then asked a non-defendant officer to call the medical office. It is unclear what time the non-defendant officer called medical, but he called and Plaintiff was seen by a nurse. Plaintiff's foot was badly swollen, and the nurse prescribed ibuprofen for the pain Plaintiff was experiencing, wrapped his foot in an ace bandage, and excused him from work at his institutional job as a barber for one night.

Any movement caused Plaintiff more pain, so he tried to refuse going to work thereafter, but he was forced to work because, were he to refuse, he would be given a Class 1 write up, be placed in super-max, and lose all privileges. Plaintiff complained about his foot pain for the next six months and was seen for treatment and examinations intermittently. He was seen by a physical therapist once, but the therapist did not tell him what was wrong with his foot. On March 3, 2023, he was given a memo to have the bottom bunk for a few weeks because he could not jump or climb onto the top bunk. On May 16, 2023, he was given a boot to wear and a memo to use the bottom bunk for a few more weeks. On an unspecified date, he was sent to a hospital for an MRI and then

was told by HRYCI medical staff that he had fluid in his foot and that he would be scheduled for another medical visit, but at the time he filed his Complaint, that visit had not occurred.

In addition to Defendant Boteng, Plaintiff named as Defendants Centurion, which was the medical services provider for the Delaware Department of Correction ("DDOC") at the time of Plaintiff's allegations, and other DDOC employees. The Complaint, however, contains no allegations against Centurion or the other Defendants. For relief, Plaintiff requests damages.

## II.     SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (civil actions filed by prisoners seeking redress from governmental entities or government officers and employees). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule

12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, however, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III.  DISCUSSION

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-05 (1976). In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need.

*Id.* at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prisoner has no right to choose a specific form of medical treatment. *Lasko v. Watts*, 373 F. App'x 196, 203 (3d Cir. Apr. 10, 2010) (citing *Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000)). "Mere disagreement as to the proper medical treatment is insufficient" to state a constitutional violation. *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004). Treatment is presumed to be proper, absent evidence that there was a violation in the standard of care. *Pearson v. Prison Health Serv.*, 850 F.3d 526, 535 (3d Cir. 2017). In addition, allegations of medical malpractice are not sufficient to establish a constitutional violation. *See White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990); *see also Daniels v. Williams*, 474 U.S. 327, 332-34 (1986) (noting that negligence is not compensable as a constitutional deprivation).

As to Defendant Boteng, Plaintiff's allegations fall well short of stating a claim for deliberate indifference under the Eighth Amendment. Simply put, arranging for a bucket of ice water for Plaintiff's injured foot and advising him to submit a sick call slip is not conduct that can be found to have run afoul of the Eighth Amendment.

With regard to Centurion, when a plaintiff relies upon a theory of *respondeat superior* to hold a corporation liable (rather than its employees or agents themselves), he must allege a policy or custom that demonstrates such deliberate indifference. *See Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 584 (3d Cir. 2003) (because *respondeat superior* or vicarious liability cannot be a basis for liability under 42 U.S.C. § 1983, a corporation under contract with the state cannot be held liable for the acts of its employees and agents under those theories). Ultimately, to establish that Centurion is directly liable for the alleged constitutional violations, Plaintiff "must

4

provide evidence that there was a relevant [Centurion] policy or custom, and that the policy caused the constitutional violation[s] [Plaintiff] allege[s]." *Natale*, 318 F.3d at 583-84. The Complaint does not refer to any policy or custom of Centurion and does not set forth any constitutional violations allegedly caused thereby. Accordingly, the claims against Centurion will be dismissed.

Plaintiff's claims against the other Defendants fail for two reasons. First, he fails to link any of these Defendants to his allegations. A defendant in a civil rights action "cannot be held responsible for a constitutional violation which he or she neither participated in nor approved"; personal involvement in the alleged wrong is required. *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007); *see also Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (holding that liability in a § 1983 action must be based on personal involvement, not *respondeat superior*). Such involvement may be "shown through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). "Allegations of participation and acquiescence . . . must be made with appropriate particularity." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *see also Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016). Plaintiff has failed to allege any of the named Defendants' personal involvement. Furthermore, his allegations establish an amount of care that cannot be deemed deficient under the Eighth Amendment. *See Pearson.*, 850 F.3d at 535; *Spruill*, 372 F.3d at 235; *White*, 897 F.2d at 108-09; *see also Daniels*, 474 U.S. at 332-34.

Finally, to the extent Plaintiff attempts to bring a due process claim related to his institutional job as a barber, Plaintiff did not have a protected liberty interest in keeping his position. *See Burrell v. Staff*, 60 F.4th 25, 54 n.8 (3d Cir. 2023) ("'We do not believe that an inmate's expectation of keeping a particular prison job amounts either to a 'property' or 'liberty'

5

interest entitled to protection under the due process clause.'") (quoting *Bryan v. Werner*, 516 F.2d 233, 240 (3d Cir. 1975)).

## IV. CONCLUSION

For the above reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). Plaintiff will be given leave to file an amended complaint.

An appropriate Order will be entered.